IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bruce Wayne Howell, | ) | C/A No.  0:15-3051-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Corporal Eddie Berry, *Lieber Prison*; Officer | ) | |
| Edward Ackerman, *Lieber Prison*; Captain | ) | |
| William Brightharp, *Lieber Prison*; Warden | ) | |
| Joseph McFadden, *Lieber Prison*; Commissioner | ) | |
| Bryan Sterling, *SCDC Headquarters*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Bruce Wayne Howell, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights.  This matter is before the court on the plaintiff's motion for appointment of counsel.  (ECF No. 22.)

There is no right to appointed counsel in § 1983 cases.  Hardwick v. Ault, 517 F.2d 295 (5th Cir. 1975).  The court may use its discretion to request counsel to represent an indigent in a civil action.  See 28 U.S.C. § 1915(e)(1); Mallard v. United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989).  However, such discretion "should be allowed only in exceptional cases."  Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975).  Whether exceptional circumstances are present depends on the type and complexity of the case, and the *pro se* litigant's ability to prosecute it.  Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984), abrogated on other grounds by Mallard, 490 U.S. 296.

Howell argues that an attorney should be appointment due to his lack of education, mental health issues, and because he cannot afford an attorney.  Upon review of the file, Howell's filings

thus far demonstrate a capacity to present his claims. Further, Howell has presented no evidence supporting a finding that any mental health issues would interfere with his ability to prosecute his claims. Accordingly, Howell has shown no exceptional or unusual circumstances presented at this time which would justify the appointment of counsel or that he would be denied due process if an attorney were not appointed. Id.; see also Dire v. United States, 990 F. Supp. 2d 583 (E.D. Va. 2013) (defendant's alleged poverty, legal unsophistication, lack of education, and inability to speak or understand English did not warrant appointment of counsel). Accordingly, the plaintiff's motion requesting counsel under 28 U.S.C. § 1915(e)(1) is denied.

      **IT IS SO ORDERED.**

                                          Paige J. Gossett
                                          UNITED STATES MAGISTRATE JUDGE

June 1, 2016
Columbia, South Carolina