IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Bruce Wayne Howell,<br><br>       Plaintiff<br><br>   v.<br><br>Corporal Eddie Berry, *Lieber Prison*; Officer Edward Ackerman, *Lieber Prison*; Captain William Brightharp, *Lieber Prison*; Warden Joseph McFadden, *Lieber Prison*; Commissioner Bryan Sterling, *SCDC Headquarters*,<br><br>       Defendants. | C/A. No. 0:15-3051-CMC-PJG<br><br><br>Opinion and Order |

      This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983, claiming that Defendants failed to protect him from an assault by another inmate and that he was denied sufficient medical care after the assault. ECF No. 1. On November 10, 2015, Plaintiff filed a motion to appoint counsel (ECF No. 22), which was denied by the Magistrate Judge (ECF No. 47). Plaintiff also filed a motion for preliminary injunction, alleging that he was deprived access to the court as he was unable to get legal supplies and copies to pursue his case. ECF No. 24. Defendants filed a response in opposition to Plaintiff's motion for preliminary injunction. ECF No. 31. On February 18, 2016, Defendants filed a motion for summary judgment. ECF No. 40. A *Roseboro* Order was mailed to Plaintiff on February 19, 2016, advising Plaintiff of the importance of a dispositive motion and the need for Plaintiff to file an adequate response. ECF No. 42. Plaintiff filed a response in opposition to the summary judgment motion on March 2, 2016. ECF No. 44.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On June 1, 2016, the Magistrate Judge issued a Report recommending that Defendants' summary judgment motion be granted and Plaintiff's motion for preliminary injunction be denied. ECF No. 48. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired, and Plaintiff's copy of the Report has not been returned to the court.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the complaint, the motion, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.

Defendants' motion for summary judgment is **granted**, and Plaintiff's motion for preliminary injunction is **denied**.  This matter is **dismissed with prejudice**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
July 11, 2016